UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| FEDERAL TRADE COMMISSION, and<br><br>STATE OF CONNECTICUT,<br><br>      Plaintiffs,<br><br>      v.<br><br>CHASE NISSAN LLC, a limited liability company, also d/b/a MANCHESTER CITY NISSAN, *et al*.<br><br>      Defendants. | Case No. 3:24-cv-00012-JCH<br><br>January 10, 2025 |

**PLAINTIFFS' EMERGENCY MOTION TO QUASH DEFENDANTS' DEPOSITION SUBPOENAS AND MEMORANDUM IN SUPPORT**

Plaintiffs Federal Trade Commission ("FTC") and State of Connecticut ("State") respectfully and emergently move the Court to quash Defendants' deposition subpoenas as they exceed the maximum permitted by the Rules without leave from the Court. Good cause exists for this emergency relief as described below.

Defendants served notices to take the depositions of the State and FTC after the close of business on Friday, December 27. Defendants' notices each contain 48 matters for examination, many of which have not been described with "reasonable particularity." Fed. R. Civ. P. 30(b)(6). Then, on December 30, Defendants served thirteen subpoenas to consumers and a former employee, commanding them to attend depositions on January 14, January 16, or January 20, a federal holiday. Discovery closes January 21.

As Defendants are well aware, Rule 30 only permits Defendants to take ten (10) depositions without seeking leave from the Court or stipulation by Plaintiffs. Fed. R. Civ. P. 30(a)(2) ("A party must obtain leave of court … if the parties have not stipulated to the

ORAL ARGUMENT NOT REQUESTED

deposition and (i) the deposition would result in more than 10 depositions being taken under this rule … by the defendants[.]"). Defendants have not filed any motion for leave to take over 10 depositions and they do not have Plaintiffs' consent. Therefore, Defendants' depositions of these witnesses violate the Federal Rules.

To save the Court's time and labor, Plaintiffs met and conferred with Defendants about this motion by email on January 7 and by videoconference January 8. Plaintiffs offered Defendants that they would agree to Defendants taking an additional 5 consumer depositions if Defendants would allow Plaintiffs' counsel to participate in the consumer depositions remotely.

Defendants responded later that day. Defendants did not accept Plaintiffs' offer. Rather, they asked if Plaintiffs would agree to Defendants taking an additional 4 to 5 consumer depositions beyond the 5 depositions offered by Plaintiffs, making 19 or 20 depositions in total. Defendants also asked whether Plaintiffs would agree to an extension of discovery until January 31 for Defendants to take these depositions.

Plaintiffs replied later January 8, stating that they would not agree to Defendants' proposal. Plaintiffs provided Defendants with these consumers' written declarations all the way back in June. Thus, Defendants have had months to ask for leave to take more than 10 depositions and subpoena these consumers. That they waited until December 30, on the cusp of discovery closing, to subpoena these depositions is not of Plaintiffs' doing. Although Defendants filed a belated motion for leave (which Plaintiffs oppose), the subpoenas have already gone out to consumers and the former employee and the depositions begin January 14, two business days away. So, Defendants have left Plaintiffs with no choice but to seek emergency relief from the Court.

At this point, Defendants have subpoenaed twelve consumers and one former employee

to attend depositions, and these consumers and the former employee presumably must take off work to attend. Because these depositions exceed the 10 permitted by the Federal Rules and because these depositions begin next week, Plaintiffs respectfully ask the Court to grant emergency relief and quash these additional subpoenas.

Respectfully submitted,

*/s/ Samuel Jacobson*
Samuel Jacobson (phv207659)
Edward Smith (phv207656)
Paul Mezan (phv207738)
Daniel Hanks (phv208202)
Federal Trade Commission
600 Pennsylvania Ave., NW
Mail Stop CC-10232
Washington, DC 20580
Phone: (202) 876-5590 (Jacobson)
Fax: (202) 326-3768
sjacobson@ftc.gov
esmith2@ftc.gov
pmezan@ftc.gov
dhanks@ftc.gov

Attorneys for Plaintiff
FEDERAL TRADE COMMISSION

*/s/ Jonathan J. Blake*
Jonathan J. Blake (ct22321)
Michael Nunes (ct31522)
Assistant Attorneys General
Office of the Attorney General of Connecticut
165 Capitol Avenue Hartford, CT 06106
T: (860) 808-5400
F: (860) 808-5593
Jonathan.Blake@ct.gov
Michael.Nunes@ct.gov

Attorneys for Plaintiff
STATE OF CONNECTICUT

3

## CERTIFICATE OF SERVICE

      I hereby certify that a true and correct copy of the foregoing was served on all counsel of record by email on January 10, 2025.

/s/ *Samuel Jacobson*
Samuel Jacobson (phv207659)
Federal Trade Commission
600 Pennsylvania Ave., NW
Mail Stop CC-10232
Washington, DC 20580
Phone: (202) 876-5590 (Jacobson)
Fax: (202) 326-3768
sjacobson@ftc.gov

*Attorney for Plaintiff Federal Trade Commission*