# UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF CONNECTICUT

| | |
|---|---|
| FEDERAL TRADE COMMISSION, and<br><br>STATE OF CONNECTICUT,<br><br>    Plaintiffs,<br><br>        v.<br><br>CHASE NISSAN LLC, a limited liability company, also d/b/a MANCHESTER CITY NISSAN, and<br><br>PATRICK DIBRE, individually and as an officer of CHASE NISSAN LLC, also d/b/a MANCHESTER CITY NISSAN,<br><br>REFAAT SOBOH, aka BRIAN SOBOH, individually and as an officer of CHASE NISSAN LLC, also d/b/a MANCHESTER CITY NISSAN,<br><br>MICHAEL HAMADI,<br><br>AIHAM ALKHATIB,<br><br>MATTHEW CHMIELINSKI, and<br><br>FRED MOJICA, aka FREDDY MOJICA.<br><br>    Defendants. | Case No. 3:24-cv-00012-JCH<br><br>**[Proposed] ORDER FOR PERMANENT INJUNCTION, MONETARY JUDGMENT, CIVIL PENALTY JUDGMENT, AND OTHER RELIEF** |

Plaintiffs, the Federal Trade Commission ("Commission" or "FTC"), and the State of

Connecticut, by William Tong, Connecticut Attorney General (together, "Plaintiffs") filed their

Amended Complaint for Permanent Injunction, Monetary Judgment, Civil Penalty Judgment,

and Other Relief ("Complaint"), pursuant to Sections 5(a) and 13(b) of the FTC Act, 15 U.S.C.

§§ 45(a) and 53(b), and the Connecticut Unfair Trade Practices Act, Conn. Gen. Stat. § 42-110a

*et seq.* ("CUTPA"). On April 21, 2025, Plaintiffs filed their respective motions for summary judgment on all counts against all applicable Defendants.

The Court, having considered the arguments, memoranda and exhibits filed in support of the Plaintiffs' motions for summary judgment, and all other pleadings and files in this action, and now being fully advised in the premises, hereby **GRANTS** the motions for summary judgment and makes the following findings of fact and conclusions of law.

### FINDINGS OF FACT AND CONCLUSIONS OF LAW

1.      This is an action instituted under Sections 5(a) and 13(b) of the FTC Act, 15 U.S.C. §§ 45(a) and 53(b), and CUTPA, specifically Conn. Gen. Stat. § 42-110m. The Complaint seeks permanent injunctive relief, monetary relief, civil penalties, and other relief for Defendants' deceptive, unfair, or otherwise unlawful acts and practices in advertising, marketing, promotion, offering for sale, lease or financing, and sale, lease, or financing of motor vehicles as alleged therein. Plaintiffs have authority under the foregoing statutory provisions to seek the relief they have requested, and the Complaint states a claim upon which relief can be granted against each Defendant.

2.      The Court has subject matter jurisdiction over this case and has jurisdiction over each Defendant pursuant to 28 U.S.C. §§ 1331, 1337(a), and 1345, and supplemental jurisdiction over the State of Connecticut's claims under 28 U.S.C. § 1367.

3.      Venue in the District of Connecticut is proper under 28 U.S.C. §§ 1391(b)(1), (b)(2), (c)(1) and (c)(2), and 15 U.S.C. § 53(b).

4.      The FTC is an agency of the United States Government created by the FTC Act, which authorizes the FTC to commence this district court civil action by its own attorneys.  15 U.S.C. §§ 41–58.  The FTC enforces Section 5(a) of the FTC Act, 15 U.S.C. § 45(a), which

prohibits unfair or deceptive acts or practices in or affecting commerce.

5.    The State of Connecticut, through its Attorney General acting at the request of the

Commissioner of Consumer Protection, is authorized to initiate proceedings to enjoin violations

of CUTPA and to seek injunctive relief, restitution, and civil penalties and other equitable relief

as this Court deems appropriate under Conn. Gen. Stat. §§ 42-110m and 42-110o.

6.    At all times relevant to the Complaint, acting alone or in concert with others,

Defendants Patrick Dibre, Refaat Soboh, aka Brian Soboh, Michael Hamadi, Aiham Alkhatib,

Matthew Chmielinski, and Fred Mojica, aka Freddy Mojica, formulated, directed, controlled, had

the authority to control, or participated in deceptive, unfair, or otherwise unlawful acts or

practices of Chase Nissan LLC, also d/b/a Manchester City Nissan ("Chase Nissan"), in

advertising, marketing, promotion, offering for sale, lease or financing, and sale, leasing, or

financing of motor vehicles, including the acts and practices set forth in Findings 8-19 and 25-28

below, in violation of Section 5 of the FTC Act, 15 U.S.C. § 45, and Section 42-110b of

CUTPA, Conn. Gen. Stat. § 42-110b, and had actual knowledge, were recklessly indifferent to,

or had an awareness of a high probability of unlawful activity and intentionally avoided learning

the truth of the unlawful acts or practices.

7.    At all times relevant to the Complaint, Defendants maintained a substantial course

of trade in or affecting commerce, as "commerce" is defined in Section 4 of the FTC Act, 15

U.S.C. § 44, including by engaging in trade and commerce in the State of Connecticut by

advertising, offering for sale, and selling motor vehicles in and from the State of Connecticut.

Defendants transacted or have transacted business in this District and throughout the United

States.

8.    Defendants operated Manchester City Nissan, an automobile dealership in

Manchester, Connecticut.  Defendants advertised certified pre-owned vehicles for low prices.
Many consumers visited Defendants' dealership because of the low advertised prices for certified
pre-owned vehicles.  In numerous instances, however, Defendants did not honor those prices.
Instead, Defendants double-charged consumers the cost to certify vehicles that Defendants
advertised as already certified.  Moreover, Defendants often failed to properly certify the
vehicles they sell, leaving many consumers to pay twice for a service Defendants failed to
perform once.  Defendants also charged consumers for add-ons that they did not know about or
authorize, or deceived consumers into paying for add-ons by representing they were required.
Furthermore, Defendants misrepresented the amount of mandatory state registration and other
fees consumers were required to pay.

9.      In numerous instances, in connection with the advertising, marketing, promotion,
offering for sale, lease, or financing, or sale, lease, or financing of motor vehicles, Defendants
represented, directly or indirectly, expressly or by implication, that Defendants would sell
particular vehicles at specific prices.

a.      In truth and in fact, such representations were false or misleading or were
not substantiated at the time the Defendants made them.  Therefore, Defendants'
representations constitute deceptive acts or practices in violation of section 5(a) of the
FTC Act, 15 U.S.C. § 45(a).

b.      In truth and in fact, the Defendants Chase Nissan, Patrick Dibre, Refaat
Soboh, and Michael Hamadi did not sell those particular vehicles at the specific
represented prices.  Defendants' acts and practices were thus likely to mislead consumers
acting reasonably under the circumstances into believing that the Defendants'
representations concerning the specific price at which they would sell a vehicle were true

and accurate.  Defendants' representations were material to consumers' decisions about whether or not to purchase a vehicle from the Defendants.  Defendants therefore engaged in unfair or deceptive acts and practices in violation of Conn. Gen. Stat. § 42-110b(a).

10.    In numerous instances in connection with the advertising, marketing, promotion, offering for sale, lease, or financing, or sale, lease, or financing of motor vehicles, Defendants represented, directly or indirectly, expressly or by implication, that Defendants would sell consumers a certified used vehicle with a limited manufacturer warranty.

a.    In truth and in fact, such representations were false or misleading or were not substantiated at the time the Defendants made them.  Therefore, Defendants' representations constitute deceptive acts or practices in violation of section 5(a) of the FTC Act, 15 U.S.C. § 45(a).

b.    In truth and in fact, the Defendants did not sell those particular vehicles with a limited manufacturer warranty.  Defendants' acts and practices were thus likely to mislead consumers acting reasonably under the circumstances into believing that the Defendants' representations concerning the inclusion of a limited manufacturer warranty were true and accurate.  Defendants' representations were material to consumers' decisions about whether or not to purchase a vehicle from the Defendants.  Defendants therefore engaged in unfair or deceptive acts and practices in violation of Conn. Gen. Stat. § 42-110b(a).

11.    In numerous instances in connection with the advertising, marketing, promotion, offering for sale, lease, or financing, or sale, lease, or financing of motor vehicles, Defendants represented, directly or indirectly, expressly or by implication, that consumers were required to pay certain fees or charges, such as for inspecting, reconditioning, certifying vehicles, or add-

ons, to purchase, lease, or finance vehicles, including certified vehicles.

      a.    In truth and in fact, such representations were false or misleading or were not substantiated at the time the Defendants made them.  Therefore, Defendants' representations constitute deceptive acts or practices in violation of section 5(a) of the FTC Act, 15 U.S.C. § 45(a).

      b.    In truth and in fact, consumers were not required to pay certain fees, such as for inspecting, reconditioning, or certifying vehicles, or to buy certain add-ons to purchase, lease, or finance certified vehicles.  Defendants' acts and practices were thus likely to mislead consumers acting reasonably under the circumstances into believing that the Defendants' representations concerning the payment of such fees and the purchase of such add-ons to purchase, lease, or finance certified vehicles were true and accurate. Defendants' representations were material to consumers' decisions about whether or not to pay such fees and purchase such add-ons in connection with a purchase of a vehicle from the Defendants.  Defendants therefore engaged in unfair or deceptive acts and practices in violation of Conn. Gen. Stat. § 42-110b(a).

12.    In numerous instances in connection with the advertising, marketing, promotion, offering for sale, lease, or financing, or sale, lease, or financing of motor vehicles, Defendants represented, directly or indirectly, expressly or by implication, that charges appearing on consumers' sales or lease contracts were authorized by consumers.

      a.    In truth and in fact, such representations were false or misleading or were not substantiated at the time the Defendants made them.  Therefore, Defendants' representations constitute deceptive acts or practices in violation of section 5(a) of the FTC Act, 15 U.S.C. § 45(a).

b.      In truth and in fact, consumers did not authorize the charges on sales or

lease contracts.  Defendants' acts and practices thus were likely to mislead consumers

acting reasonably under the circumstances into believing that certain charges on sales and

lease contracts were mandatory and Defendants' representations that such charges were

mandatory were true and accurate.  Defendants' representations were material to

consumers' decisions about whether or not to authorize such charges in connection with a

purchase of a vehicle from the Defendants.  Defendants therefore engaged in unfair or

deceptive acts and practices in violation of Conn. Gen. Stat. § 42-110b(a)

13.     In numerous instances in connection with the advertising, marketing, promotion,

offering for sale, lease, or financing, or sale, lease, or financing of motor vehicles, Defendants

Chase Nissan, Patrick Dibre, Refaat Soboh, Michael Hamadi, and Aiham Alkhatib represented,

directly or indirectly, expressly or by implication, that registration and other state fees cost a

particular amount.

a.      In truth and in fact, such representations were false or misleading or were

not substantiated at the time the Defendants made them.  Therefore, Defendants'

representations constitute deceptive acts or practices in violation of section 5(a) of the

FTC Act, 15 U.S.C. § 45(a).

b.      In such instances, Defendants charged consumers the represented amount.

In truth and in fact, Defendants' representations as to registration and other state fees

were inaccurate and inflated and Defendants collected funds from consumers exceeding

what was required by the state.  Defendants' acts and practices thus were likely to

mislead consumers acting reasonably under the circumstances into believing that the

amounts Defendants collected from consumers to pay certain registration and state fees

were true and accurate. Defendants' representations were material to consumers'

decisions about whether or not to purchase a vehicle from the Defendants. Defendants

therefore engaged in unfair or deceptive acts and practices in violation of Conn. Gen.

Stat. § 42-110b(a).

14.    In numerous instances, Defendant charged consumers without obtaining

consumers' express informed consent. Defendants' acts or practices caused or were likely to

cause substantial injury to consumers that consumers cannot reasonably avoid themselves and

that is not outweighed by countervailing benefits to consumers or competition. Therefore,

Defendants' acts or practices constitute unfair acts or practices in violation of Section 5 of the

FTC Act, 15 U.S.C. § 45(a), (n).

15.    Defendant Chase Nissan's acts and practices violated § 42-110b-18(c) of the

Regulations of Connecticut State Agencies and constitute per se violations of CUTPA because it

misrepresented that the motor vehicles it offered for sale were "Nissan Certified." In truth and in

fact, Defendant Chase Nissan's representations were not "Nissan Certified." Defendant Chase

Nissan therefore engaged in unfair or deceptive acts and practices in violation of Conn. Gen.

Stat. § 42-110b(a).

16.    Defendant Chase Nissan's acts and practices violated § 42-110b-22 of the

Regulations of Connecticut State Agencies and constitute per se violations of CUTPA because it

failed to conspicuously state all material contingencies, conditions, and limitations on its offer to

sell motor vehicles at the advertised price. Defendant Chase Nissan therefore engaged in unfair

or deceptive acts and practices in violation of Conn. Gen. Stat. § 42-110b(a).

17.    Defendant Chase Nissan's acts and practices violated § 42-110b-28(b)(1) of the

Regulations of Connecticut State Agencies and constitute per se violations of CUTPA because it

failed to sell motor vehicles to consumers in accordance with the terms and conditions it had advertised, including the advertised price. Defendant Chase Nissan therefore engaged in unfair or deceptive acts and practices in violation of Conn. Gen. Stat. § 42-110b(a).

18. Defendant Chase Nissan's acts and practices violated § 42-110b-28(b)(6) of the Regulations of Connecticut State Agencies and constitute per se violations of CUTPA because it advertised prices for the sale of motor vehicles without including in those prices numerous fees and charges that it later represented to consumers were required to be paid in connection with the sale. Defendant Chase Nissan therefore engaged in unfair or deceptive acts and practices in violation of Conn. Gen. Stat. § 42-110b(a).

19. Defendant Chase Nissan's acts and practices violated § 42-110b-28(b)(17) of the Regulations of Connecticut State Agencies and constitute per se violations of CUTPA because it made representations or statements of fact in an advertisement when it knew or should have known that the representations or statements were false or misleading. Defendant Chase Nissan therefore engaged in unfair or deceptive acts and practices in violation of Conn. Gen. Stat. § 42-110b(a).

20. Consumers have suffered and will continue to suffer substantial injury as a result of Defendants' violations of the FTC Act and CUTPA. Absent injunctive relief by this Court, Defendants are likely to continue to injure consumers and harm the public interest.

21. Based on the record before this Court, the Court finds that there is no genuine issue as to any material fact, and the Plaintiffs are entitled to judgment as a matter of law against Defendants pursuant to Federal Rule of Civil Procedure 56.

22. Section 13(b) of the FTC Act, 15 U.S.C. § 53(b), authorizes this Court to grant injunctive relief as the Court may deem appropriate to halt violations of any provision of law

enforced by the FTC.

23.    Connecticut General Statutes §§ 42-110m and 42-110o(b) authorize this Court to grant injunctive relief for violations of § 42-110b(a), to grant other relief as is necessary to direct restitution  to consumers resulting from the Defendants' violations of law, to disgorge Defendants of ill-gotten money, and to award civil penalties.

24.    This Court concludes that the danger of future violations by the Defendants justifies the issuance of injunctive relief. Specifically, it is proper in this case to issue a permanent injunction that: (a) prohibits each Defendant from making material misrepresentations in connection with advertising, marketing, promoting, offering for sale, lease, or financing, or selling, leasing, or financing motor vehicles; (b) prohibits each Defendant from, in connection with advertising, marketing, promoting, offering for sale, lease, or financing, or selling, leasing or financing motor vehicles, charging consumers without their express, informed consent; (c) bars Defendants Michael Hamadi and Aiham Alkhatib from advertising, marketing, selling, leasing, or financing any Add-on Product or Service; and (d) provides other ancillary relief necessary to assist the FTC, the State of Connecticut, and the Court in monitoring Defendants' compliance with such a permanent injunction.

25.    Defendants engaged in the acts and practices alleged in the Complaint when they knew or should have known that their conduct was unfair or deceptive, in violation of Conn. Gen. Stat. § 42-110b(a), and, therefore, are liable for civil penalties of up to $5,000 per willful violation pursuant to Conn. Gen. Stat. § 42-110o(b).

26.    Defendants Chase Nissan, Patrick Dibre, Refaat Soboh, and Michael Hamadi received at least $18,712,116 that was derived unlawfully from payments by consumers as a direct result of Defendants' violations of CUTPA, Conn. Gen. Stat. § 42-110a *et seq*., which

amount represents the sum that Defendants Chase Nissan, Dibre, Soboh, and Hamadi charged consumers for vehicles *above* the price Defendants advertised for those vehicles, after accounting for required state sales tax and registration costs.

27.    Defendants Aiham Alkhatib, Matthew Chmielinski, and Fred Mojica received at least $4,888,658 that was derived unlawfully from payments by consumers as a direct result of Defendants' violations of CUTPA, Conn. Gen. Stat. § 42-110a *et seq*., which amount represents the sum that Defendants Alkhatib, Chmielinski, and Mojica charged consumers for  fees related to certification on vehicles that Chase Nissan advertised as already certified and for fees that were otherwise not authorized by consumers.

28.    Connecticut General Statutes § 42-110m(a) provides in relevant part that "whenever the commissioner has reason to believe that any person has been engaged or is engaged in an alleged violation of [CUTPA] said commissioner may . . . request the Attorney General to apply . . . for an order directing restitution . . . . The court may award the relief applied for or so much as it may deem proper . . . ."  It is, therefore proper in this case to enter monetary judgments:

      a.    in the amount of $18,712,116 against Defendants Chase Nissan, Patrick Dibre, Refaat Soboh, and Michael Hamadi, jointly and severally, as restitution for their violations of CUTPA, Conn. Gen. Stat. § 42-110a *et seq*.; and

      b.    in the amount of $4,888,658 against Defendants Aiham Alkhatib, Matthew Chmielinski, and Fred Mojica, jointly and severally, as restitution for their violations of CUTPA, Conn. Gen. Stat. § 42-110a *et seq*.

29.    This action and the relief awarded herein are in addition to, and not in lieu of, other remedies that may be provided by law, including both civil and criminal remedies.

30.     Pursuant to Federal Rule of Civil Procedure 65(d) the provisions of this Order are binding upon each Defendant, their successors and assigns, and their officers, agents, employees and attorneys, and upon those persons or entities in active concert or participation with them who receive actual notice of this Order by personal service or otherwise.

31.     Entry of this order is in the public interest.

**DEFINITIONS**

For the purpose of this Order, the following definitions apply:

A.     **"Add-on Product or Service"** means any product or service not provided to the consumer or installed on the vehicle by the motor vehicle manufacturer and for which a motor vehicle dealer, directly or indirectly, charges a consumer in connection with a vehicle sale, lease, or financing transaction.

B.     **"Clear(ly) and conspicuous(ly)"** means that a required disclosure is difficult to miss (i.e., easily noticeable) and easily understandable by consumers, including in all of the following ways:

1.     In any communication that is solely visual or solely audible, the disclosure must be made through the same means through which the communication is presented.  In any communication made through both visual and audible means, such as a television advertisement, the disclosure must be presented simultaneously in both the visual and audible portions of the communication even if the representation requiring the disclosure is made in only one means.

2.     A visual disclosure, by its size, contrast, location, the length of time it appears, and other characteristics, must stand out from any accompanying text or other visual elements so that it is easily noticed, read, and understood.

3.      An audible disclosure, including by telephone or streaming video, must be delivered in a volume, speed, and cadence sufficient for consumers to easily hear and understand it.

4.      In any communication using an interactive electronic medium, such as the Internet or software, the disclosure must be unavoidable.

5.      The disclosure must use diction and syntax understandable to consumers and must appear in each language in which the representation that requires the disclosure appears.

6.      The disclosure must comply with these requirements in each medium through which it is received, including all electronic devices and face-to-face communications.

7.      The disclosure must not be contradicted or mitigated by, or inconsistent with, anything else in the communication.

D.      "**Defendants**" means all of the Individual Defendants and the Corporate Defendant, individually, collectively, or in any combination.

1.      "**Corporate Defendant**" means Chase Nissan LLC, also d/b/a Manchester City Nissan and its successors and assigns.

2.      "**Individual Defendants**" means Patrick Dibre; Refaat Soboh, aka Brian Soboh; Michael Hamadi; Aiham Alkhatib; Matthew Chmielinski; and Fred Mojica, aka Freddy Mojica.

E.      "**Express, Informed Consent**" means an affirmative act communicating unambiguous assent to be charged, made after receiving, and in close proximity to, Clear and Conspicuous disclosure, orally and in writing, of the following:

1.      the product or service associated with the charge;

2.      all fees and costs to be charged to the consumer for the product or service; and

3.      if the product or service is optional, that fact.

**ORDER**

**I. PROHIBITION AGAINST MISREPRESENTATIONS**

IT IS FURTHER ORDERED that Defendants, Defendants' officers, agents, employees, and attorneys, and all other persons in active concert or participation with any of them, who receive actual notice of this Order, whether acting directly or indirectly, in connection with advertising, marketing, promoting, offering for sale, lease, or financing, or selling, leasing, or financing motor vehicles, are permanently restrained and enjoined from misrepresenting, expressly or by implication:

A.     the costs or terms of purchasing, financing, or leasing a vehicle;

B.     the availability of vehicles at an advertised price;

C.     whether vehicles are certified or include a limited manufacturer warranty;

D.     whether charges, fees, taxes, products, or services are optional or required;

E.     whether charges, products, or services are authorized by consumers;

F.     the amount of any charge, fee, or tax; and

G.     any other material fact, such as: any restrictions, limitations, or conditions; or any aspect of the benefits, performance, efficacy, nature, or central characteristics of any product or service.

## II.  OBTAINING EXPRESS, INFORMED CONSENT FOR ALL CHARGES

IT IS FURTHER ORDERED that Defendants, Defendants' officers, agents, employees, and attorneys, and all other persons in active concert or participation with any of them, who receive actual notice of this Order, whether acting directly or indirectly, in connection with advertising, marketing, promoting, offering for sale, lease, or financing, or selling, leasing or financing motor vehicles, are permanently restrained and enjoined from charging a consumer without having obtained the consumer's Express, Informed Consent.

## III.  BAN ON MOTOR VEHICLE OR ADD-ON PRODUCT OR SERVICE SALES

IT IS FURTHER ORDERED that Defendants Michael Hamadi and Aiham Alkhatib are each permanently enjoined from advertising, marketing, selling, leasing, or financing any Add-on Product or Service.

## IV.  MONETARY JUDGMENT

IT IS FURTHER ORDERED that:

A.    Judgment in the amount of Eighteen Million Seven Hundred Twelve Thousand One Hundred Sixteen Dollars ($18,712,116) is entered in favor of the State of Connecticut against Corporate Defendant and Individual Defendants Patrick Dibre, Refaat Soboh, and Michael Hamadi, jointly and severally, as restitution.

B.    Judgment in the amount of Four Million Eight Hundred Eighty-Eight Thousand Six Hundred Fifty-Eight Dollars ($4,888,658) is entered in favor of the State of Connecticut against Individual Defendants Aiham Alkhatib, Matthew Chmielinski, and Fred Mojica, jointly and severally, as restitution.

C.    Corporate Defendant and Individual Defendants Patrick Dibre, Refaat Soboh, and Michael Hamadi are ordered to pay to the State of Connecticut Eighteen Million Seven Hundred

Twelve Thousand One Hundred Sixteen Dollars ($18,712,116).  Such payment must be made within 7 days of entry of this Order by electronic fund transfer.

D.    Individual Defendants Aiham Alkhatib, Matthew Chmielinski, and Fred Mojica are ordered to pay to the State of Connecticut Four Million Eight Hundred Eighty-Eight Thousand Six Hundred Fifty-Eight Dollars ($4,888,658).  Such payment must be made within 7 days of entry of this Order by electronic fund transfer.

E.     Defendants relinquish dominion and all legal and equitable right, title, and interest in all assets transferred pursuant to this Order and may not seek the return of any assets.

F.    Each Defendant's Employer Identification Number, Social Security Number, or Taxpayer Identification Numbers ("TIN"), which each Defendant must submit to the Plaintiffs within 7 days of entry of this Order, may be used for collecting and reporting on any delinquent amount arising out of this Order, in accordance with 31 U.S.C. § 7701.

G.    All civil penalties received by the State of Connecticut pursuant to this Order shall be disbursed to the State of Connecticut's General Fund.  All penalties or payments received by the State of Connecticut pursuant to this Order for the purpose of restitution shall be used for restitution and for payment for a claims administrator to facilitate such restitution.  Any unused funds shall be disbursed to the State of Connecticut's General Fund.

## VI.  CONSUMER INFORMATION

IT IS FURTHER ORDERED that Defendants, Defendants' officers, agents, employees, and attorneys, and all other persons in active concert or participation with any of them, who receive actual notice of this Order, are permanently restrained and enjoined from directly or indirectly failing to provide sufficient customer information to enable the State of Connecticut to efficiently administer consumer redress. If a representative of the State of Connecticut requests

in writing any information related to redress, Defendants must provide it, in the form prescribed

by the State of Connecticut, within 14 days.

## VII.  ORDER ACKNOWLEDGMENTS

IT IS FURTHER ORDERED that Defendants obtain acknowledgments of receipt of this

Order:

A.    Each Defendant, within 7 days of entry of this Order, must submit to the Plaintiffs

an acknowledgment of receipt of this Order sworn under penalty of perjury.

B.    For 5 years after entry of this Order, each Individual Defendant for any business

that such Defendant, individually or collectively with any other Defendants, is the majority

owner or controls directly or indirectly, and Corporate Defendant, must deliver a copy of this

Order to:  (1) all principals, officers, directors, and LLC managers and members; (2) all

employees having managerial responsibilities for conduct related to the subject matter of the

Order and all agents and representatives who participate in conduct related to the subject matter

of the Order; and (3) any business entity resulting from any change in structure as set forth in the

Section titled Compliance Reporting.  Delivery must occur within 7 days of entry of this Order

for current personnel.  For all others, delivery must occur before they assume their

responsibilities.

C.    From each individual or entity to which a Defendant delivered a copy of this

Order, that Defendant must obtain, within 30 days, a signed and dated acknowledgment of

receipt of this Order.

## VIII.  COMPLIANCE REPORTING

IT IS FURTHER ORDERED that Defendants make timely submissions to the Plaintiffs:

A.    One year after entry of this Order, each Defendant must submit a compliance

report, sworn under penalty of perjury:

1.    Each Defendant must:  (a) identify the primary physical, postal, and email address and telephone number, as designated points of contact, which representatives of Plaintiffs may use to communicate with Defendant; (b) identify all of that Defendant's businesses by all of their names, telephone numbers, and physical, postal, email, and Internet addresses; (c) describe the activities of each business, including the goods and services offered, the means of advertising, marketing, and sales, and the involvement of any other Defendant (which Individual Defendants must describe if they know or should know due to their own involvement); (d) describe in detail whether and how that Defendant is in compliance with each Section of this Order; and (e) provide a copy of each Order Acknowledgment obtained pursuant to this Order, unless previously submitted to Plaintiffs.

2.    Additionally, each Individual Defendant must:  (a) identify all telephone numbers and all physical, postal, email and Internet addresses, including all residences; (b) identify all business activities, including any business for which such Defendant performs services whether as an employee or otherwise and any entity in which such Defendant has any ownership interest; and (c) describe in detail such Defendant's involvement in each such business, including title, role, responsibilities, participation, authority, control, and any ownership.

B.    For 20 years after entry of this Order, each Defendant must submit a compliance notice, sworn under penalty of perjury, within 14 days of any change in the following:

1.    Each Defendant must report any change in:  (a) any designated point of contact; or (b) the structure of any Corporate Defendant or any entity that Defendant has

any ownership interest in or controls directly or indirectly that may affect compliance obligations arising under this Order, including:  creation, merger, sale, or dissolution of the entity or any subsidiary, parent, or affiliate that engages in any acts or practices subject to this Order.

2.      Additionally, each Individual Defendant must report any change in:  (a) name, including aliases or fictitious name, or residence address; or (b) title or role in any business activity, including any business for which such Defendant performs services whether as an employee or otherwise and any entity in which such Defendant has any ownership interest, and identify the name, physical address, and any Internet address of the business or entity.

C.      Each Defendant must submit to Plaintiffs notice of the filing of any bankruptcy petition, insolvency proceeding, or similar proceeding by or against such Defendant within 14 days of its filing.

D.      Any submission to Plaintiffs required by this Order to be sworn under penalty of perjury must be true and accurate and comply with 28 U.S.C. § 1746, such as by concluding:  "I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.  Executed on:  _____" and supplying the date, signatory's full name, title (if applicable), and signature.

E.      Unless otherwise directed by a representative of Plaintiffs in writing, all submissions to the Commission pursuant to this Order must be emailed to DEbrief@ftc.gov or sent by overnight courier (not the U.S. Postal Service) to:  Associate Director for Enforcement, Bureau of Consumer Protection, Federal Trade Commission, 600 Pennsylvania Avenue NW, Washington, DC  20580 and to the State of Connecticut at attorney.general@ct.gov or sent by

overnight courier (not the U.S. Postal Service) to: Office of the Attorney General, Consumer

Protection Section, 165 Capital Avenue, Hartford CT 06106.  The subject line must begin:  FTC

and State of Connecticut v. Chase Nissan LLC.

## IX. RECORDKEEPING

IT IS FURTHER ORDERED that Defendants must create certain records for 20 years

after entry of the Order, and retain each such record for 5 years.  Specifically, Corporate

Defendant in connection with advertising, marketing, promoting, offering for sale, lease, or

financing, or selling, leasing or financing motor vehicles or Add-on products or services, and

each Individual Defendant for any business that such Defendant, individually or collectively with

any other Defendants, is a majority owner or controls directly or indirectly, must create and

retain the following records:

A.      accounting records showing the revenues from all goods or services sold;

B.      personnel records showing, for each person providing services, whether as an

employee or otherwise, that person's:  name; addresses; telephone numbers; job title or position;

dates of service; and (if applicable) the reason for termination;

C.      records of all consumer complaints and refund requests, whether received directly

or indirectly, such as through a third party, and any response;

D.      all records necessary to demonstrate full compliance with each provision of this

Order, including all submissions to Plaintiffs;

E.      a copy of each unique advertisement or other marketing material; and

F.      a copy of any pencil, four square, or worksheet used to negotiate, desk, or pencil

deals.

## X. COMPLIANCE MONITORING

IT IS FURTHER ORDERED that, for the purpose of monitoring Defendants' compliance with this Order and any failure to transfer any assets as required by this Order:

A.      Within 14 days of receipt of a written request from a representative of the Plaintiffs each Defendant must:  submit additional compliance reports or other requested information, which must be sworn under penalty of perjury; appear for depositions; and produce documents for inspection and copying.  Plaintiffs are also authorized to obtain discovery, without further leave of court, using any of the procedures prescribed by Federal Rules of Civil Procedure 29, 30 (including depositions by remote means), 31, 33, 34, 36, 45, and 69.

B.      For matters concerning this Order, Plaintiffs are authorized to communicate directly with each Defendant.  Defendant must permit representatives of the Plaintiffs to interview any employee or other person affiliated with any Defendant who has agreed to such an interview.  The person interviewed may have counsel present.

C.      Plaintiffs may use all other lawful means, including posing, through its representatives as consumers, suppliers, or other individuals or entities, to Defendants or any individual or entity affiliated with Defendants, without the necessity of identification or prior notice.  Nothing in this Order limits the Commission's lawful use of compulsory process, pursuant to Sections 9 and 20 of the FTC Act, 15 U.S.C. §§ 49, 57b-1.

D.      Upon written request from a representative of Plaintiffs, any consumer reporting agency must furnish consumer reports concerning Individual Defendants pursuant to Section 604(1) of the Fair Credit Reporting Act, 15 U.S.C. §1681b(a)(1).

## XI. RETENTION OF JURISDICTION

IT IS FURTHER ORDERED that this Court retains jurisdiction of this matter for

purposes of construction, modification, and enforcement of this Order.

**SO ORDERED this ___ day of _____, 202__.**


_____
The Honorable Janet C. Hall
United States District Judge