# UNITED STATES DISTRICT COURT
# DISTRICT OF CONNECTICUT

| | |
|---|---|
| FEDERAL TRADE COMMISSION, ET AL <br>               Plaintiffs, <br><br> vs. <br><br> CHASE NISSAN, LLC, ET AL <br>               Defendants. | ) <br> )   CASE NO. 3:24 CV 00012 (JCH) <br> ) <br> )   April 24, 2025 <br> ) <br> ) |

## DEFENDANTS' MOTION FOR EXTENSION OF TIME TO FILE OPPOSITION TO PLAINTIFFS' MOTIONS FOR SUMMARY JUDGMENT

The Defendants, Chase Nissan, LLC, d/b/a Manchester City Nissan, Patrick Dibre, Michael Hamadi, Refaat a/k/a Brian Soboh, Matthew Chmielinski, Freddy Mojica and Aiham Alkhatib (the "Defendants"), hereby respectfully move for an extension of time of sixty (60) days, up to and including July 11 2025,[1] to file their oppositions to Plaintiffs' Motions for Summary Judgment (*see* ECF Nos. 195, 197, 198, 199, 200, 201, 202, 203, 204) filed on April 21, 2025.

In support of this Motion, the Defendants respectfully submit the following. The Plaintiffs, Federal Trade Commission ("FTC") and State of Connecticut (the "State," and, together with the FTC, "Plaintiffs'), each filed a separate Motion for Summary Judgment on April 21, 2025 (*see* ECF Nos. 195, 197, 199). With those Motions, the Plaintiffs each filed a memorandum of law of 40 and 25 pages, respectively, and jointly filed a Statement of Undisputed Material Fact comprising of 30 pages[2] and 177 statements of undisputed material facts, and 51 exhibits

---

[1] Pursuant to Local Rule 7, the Defendants' opposition is currently due on Monday, May 12, 2025. Sixty (60) days from May 12, 2025 is Friday, July 11, 2025.

[2] Plaintiffs filed a Joint Motion for Leave to File Excess Pages (*see* Dkt. # 189.00), requesting an additional three pages per Plaintiff, for a combined total of 30 pages. The Court granted the Plaintiffs' motion on April 14, 2025 (*see* Dkt. # 192.00).

comprised of approximately 3,487 pages,[3] including exhibits (in the form of declarations) that Defendants have never seen,[4] and thus must review, analyze, and respond to, for the first time. In total, Plaintiffs' Summary Judgment filings – including the memoranda of law, exhibits, and statement of undisputed material facts – exceeds **3,600 pages**. Given the length and depth of Plaintiffs' voluminous filings, the overall complex legal issues in this case, the claims of liability against seven separate defendants, including six individual defendants, and the size of the discovery record in this case, it is entirely impracticable for Defendants, despite their due diligence, to competently draft and file a thorough and well-reasoned opposition to both Plaintiffs' Motions, including filing a response to Plaintiffs' Joint Statement of Undisputed Material Facts and submitting exhibits in support of their opposition, within 21 days.

Plaintiffs, notably, have been drafting their Motions for many months[5] and well before February 20, the close of discovery. Even then, however, the Defendants had two entire months (i.e., 60 days) after the close of discovery to draft and file their Motions.[6] Thus, requiring the

---

[3] These exhibits include declarations, expert reports, interrogatory responses, and deposition excerpts.

[4] These declarations are from certain employees of the FTC and the State, as well as a new declaration from former employee Sharon Stokland, who Defendants previously deposed.

[5] Since at least December 2024, the Plaintiffs represented that they had been working on their Motions for Summary Judgment, which would have been due on February 24, 2025, when the close of discovery was January 21, 2025. *See, e.g.,* ECF No. 142.00. Ironically, when Defendants moved to modify the scheduling order in January, Plaintiffs objected to Defendants' request to extend the discovery deadline, but consented to a 30-day extension of other deadlines, including the dispositive motions deadline, with the caveat that such deadlines not be extended beyond March 25, 2025. *See* ECF No. 148.00. Of course, subsequently, the Plaintiffs filed a motion to extend the dispositive motions deadline to April 21. *See* footnote 6.

[6] Notably, Plaintiffs, with Defendants' consent, filed a Motion for Extension of Time on February 27, 2025 (ECF No. 186), requesting an additional one month to file their Motions for Summary Judgment, noting, in relevant part, that "[d]iscovery in this case was more substantial than could have been predicted at the outset of this case" and Plaintiffs "must review this discovery and distill a statement of undisputed material facts showing that Defendants violated 17 counts, that the six individual Defendants directly participated in the corporate defendant's misconduct or had the authority to control it, that the individual Defendants had the requisite knowledge of the conduct's

2

Defendants to review over 3,500 pages of filed materials, draft a response (including a response to two memoranda of law, a response to the joint statement of undisputed material facts of 30 pages – which is considerably longer than the normally allowed 12 pages under the Local Rules, and a response to Plaintiffs' 51 exhibits) in 21 days, when the Plaintiffs had many months, to draft their Motions, would be unreasonable.

The Plaintiffs do not consent to the requested extension. Instead, they agreed to consent to only an additional 21 days for the Defendants to file their opposition, but no more, and only on the condition that Defendants agreed to the same extension of 21 days for Plaintiffs to file their opposition to Defendants' Motion to Preclude, also filed on April 21, 2025 (*see* Dkt. No. 196.00). While Defendants would – and in fact, do – extend the courtesy of their consent to Plaintiffs' requested extension without any quid pro quo, the two motions are not alike. Indeed, Defendants' Motion to Preclude is 25 pages, with a two-page declaration and 10 exhibits totaling approximately 600 pages (the most substantial of which being Dr. Broome's expert report at 477 pages, which Plaintiffs, obviously, are already familiar with). Moreover, Defendants' Motion to Preclude concerns one sole issue: that Dr. Broome's opinions and testimony should be excluded because the survey on which her entire opinions derive is riddled with flaws that render the report as a whole, unreliable.

On the other hand, as discussed above, Defendants must respond to two separate motions for summary judgment at a combined 65 pages, as well as a joint statement of undisputed material

---

illegality, and that Plaintiffs are entitled to a permanent injunction, substantial monetary relief (Plaintiffs are seeking over $10 million), and civil penalties against Defendants. Plaintiffs must also compile the records they plan to submit as evidence and a proposed summary judgment order." The Court granted the Plaintiffs' Motion (see ECF No. 188). Similarly here, Defendants need to do all the same things, except they could only largely begin doing so after receiving Plaintiffs' Motions on Monday, April 21. Accordingly, Defendants simply seek largely the same treatment Plaintiffs were afforded in responding to their dispositive motions.

facts at 30 pages and 177 paragraphs, and 51 exhibits totaling nearly 3,500 pages. Moreover, Plaintiffs' Motions ask the Court to adjudicate every issue and claim in their favor. In other words, Plaintiffs' Motions do not merely include one argument or one issue, like Defendants' Motion to Preclude; they encapsulate arguments on 17 counts of liability against seven defendants, including arguments as to each individual defendant, and a proposed injunction and request for damages in the amount of $18,712,116, plus civil penalties. The record in this case, which is massive – as Plaintiffs themselves acknowledged in moving for their second motion for extension of time to file their Motions for Summary Judgment (*see* Dkt No. 186) – must be reviewed to address Plaintiffs' Motions, which Motions consist of 55 documents, including two memoranda of law, a joint statement of undisputed material facts of 30 pages (above the usual 12 pages permitted under the Local Rules), a proposed order, and 51 exhibits, including 24 declarations (including, as discussed above, declarations that are new to Defendants, one of which is nearly 2,000 pages in and of itself), 25 depositions, and an expert report. Thus, to conclude that Plaintiffs and Defendants should have the same exact amount of time – 42 days – to respond to two vastly different motions, is nonsensical. It is also disingenuous, especially considering Defendants, on more than one occasion, consented to Plaintiffs' requests for 30+ days to file their Motions for Summary Judgment and the Plaintiffs have been working on their Motions for Summary Judgment for many, many months. Simply put, and realistically speaking, Defendants simply do not believe that they can adequately and competently respond to Plaintiffs' Motions in a shorter time than what they are requesting.

    The Defendants respectfully represent that the aforementioned facts constitute the requisite good cause required under Local Rule 7(b), because the Defendants have demonstrated a particularized showing that the time limitation in question – 21 days – cannot reasonably be met

despite Defendants' due diligence. The Defendants further represent that this Motion is being filed in accordance with Local Rule 7(b)(3), as it is being filed more than three business days before the current deadline of May 12, 2025.

Accordingly, the Defendants respectfully request that this Court grant their Motion for Extension of Time, up to and including July 11, 2025, to file their oppositions to Plaintiffs' Motions for Summary Judgment.

<div style="margin-left:40%">

THE DEFENDANTS,
CHASE NISSAN LLC, PATRICK DIBRE, REFAAT SOBOH, MICHAEL HAMADI, MATTHEW CHMIELINSKI, AND FREDDY MOJICA

By: */s/ Jonathan A. Kaplan*
Jonathan A. Kaplan (ct27126)
Meagan A. Cauda (ct31501)
James T. Shearin (ct01326)
Pullman & Comley, LLC
90 State House Square
Hartford, CT 06103
Telephone:  860-424-4379
jkaplan@pullcom.com
jtshearin@pullcom.com
mcauda@pullcom.com
Their Attorneys

THE DEFENDANT,
AIHAM ALKHATIB

By: */s/ Thomas J. Murphy* (ct07959)
Thomas J. Murphy, Esq.
James J. Healy, Esq.
Allison D. White, Esq.
Cowdery, Murphy & Healy, LLC
280 Trumbull Street, 22nd Floor
Hartford, CT 06103
Telephone: (860) 278-5555
tmurphy@cmandh.com
jhealy@cmandh.com
awhite@cmandh.com
His Attorneys

</div>

## CERTIFICATION

I hereby certify that a true and correct copy of the foregoing was served on all counsel of record by email on this 24th day of April, 2025.

<div style="text-align: right;">

*/s/ Jonathan A. Kaplan*
Jonathan A. Kaplan

</div>

ACTIVE/81253.4/MCAUDA/20304082v2