UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| FEDERAL TRADE COMMISSION, and<br><br>STATE OF CONNECTICUT,<br><br>　　　　Plaintiffs,<br><br>　　　　v.<br><br>CHASE NISSAN LLC, a limited liability company, also d/b/a MANCHESTER CITY NISSAN, *et al*.<br><br>　　　　Defendants. | Case No. 3:24-cv-00012-JCH<br><br>The Honorable Janet C. Hall<br><br>September 5, 2025 |

### **PLAINTIFFS' MOTION FOR ENTRY OF PROPOSED STIPULATED ORDERS**

Plaintiffs Federal Trade Commission ("FTC") and State of Connecticut ("State") respectfully request that the Court enter the attached Proposed Stipulated Orders for Permanent Injunction, Monetary Judgment, and Other Relief ("Stipulated Orders") against Defendants Matthew Chmielinski and Fred Mojica, aka Freddy Mojica ("Settling Defendants"). Settling Defendants consent to this request.

Entry of the Stipulated Orders would end the litigation against the Settling Defendants. The Stipulated Orders are both fair and reasonable, and not contrary to the public interest, and thus satisfy the conditions for entry. As described below, they include injunctive relief prohibiting the alleged misconduct and monetary judgments against each Settling Defendant.

The monetary judgments are suspended so long as Settling Defendants truthfully disclosed their material assets and comply with the injunctive provisions. The Stipulated Orders also avoid the cost and delay of further litigation.

Courts in the Second Circuit consider several criteria when evaluating whether to enter a proposed consent order involving an enforcement agency. First, to assess the fairness and reasonableness of a consent order, courts must consider: (1) its basic legality; (2) whether its terms, including enforcement mechanisms, are clear; (3) whether it resolves the claims in the complaint; and (4) whether it is tainted by improper collusion or corruption. *See SEC v. Citigroup Global Markets, Inc.*, 752 F.3d 285, 294 (2d Cir. 2014). Second, courts must determine that "the public interest would not be disserved" by the proposed injunctive relief. *Id*. (citation omitted). "Absent a substantial basis in the record for concluding that the proposed consent decree does not meet these requirements, the district court is required to enter the order." *Id*.[1]

The Stipulated Orders satisfy each of the requirements to be found fair and reasonable. First, Plaintiffs are authorized to seek, and the Court to order, injunctive and other relief for the law violations set forth in the Complaint (Dkt. 18) pursuant to Sections 5(a) and 13(b) of the Federal Trade Commission Act ("FTC Act"), 15 U.S.C. §§ 45(a) and 53(b), and Sections 42-110m and 42-110b(a) of the Connecticut Unfair Trade Practices Act ("CUTPA"), Conn. Gen. Stat. §§ 42-110m, 42-110b(a). Further, the State is authorized to seek, and the Court to order, restitution pursuant to Section 42-110m(a) of CUTPA, Conn. Gen. Stat. § 42-110m(a). Defendants do not challenge that the Complaint adequately states claims for each violation.

---

[1] A complaint that "set[s] out the colorable claims, supported by factual averments" often "will suffice to allow the district court to conduct its review." *Id*. at 296.

1

Second, the Stipulated Orders set forth prohibitions and requirements using clear language and defined terms. The prohibitions are set forth in Parts I-II and are described further below. Many of these provisions use language resembling provisions enforced by federal courts in other FTC and State cases. Plaintiffs can bring an enforcement action before this Court if necessary pursuant to Section X of the Orders (Retention of Jurisdiction) by bringing an action for civil contempt.

Third, the proposed Stipulated Orders resolve all claims as to the Settling Defendants and would conclude the litigation against them. Plaintiffs allege that Settling Defendants engage in deceptive and unfair practices in advertising, marketing, promoting, offering for sale, lease, or financing, and selling, leasing, or financing of motor vehicles in violation of Section 5(a) of the FTC Act, 15 U.S.C. § 45(a), and Sections 42-110m and 42-110o(b) of CUTPA, Conn. Gen. Stat. §§ 42-110m, 42-110o(b). Specifically, Plaintiffs allege that Settling Defendants misrepresent that: they will sell particular vehicles at specific prices; they will sell consumers certified used vehicles with a limited manufacturer warranty; consumers are required to pay certain fees or charges, such as for inspecting, reconditioning, certifying, or add-ons, to purchase, lease, or finance vehicles; and charges appearing on consumers' sales or lease contracts are authorized by consumers. The FTC also alleges that Settling Defendants unfairly charge consumers without obtaining consumers' express informed consent. *See* Dkt. 18. The proposed relief resolves each of these claims and includes:

- Prohibitions against misrepresenting: (a) the costs or terms of purchasing, financing, or leasing a vehicle; (b) the availability of vehicles at an advertised price; (c) whether vehicles are certified or include a limited manufacturer warranty; (d) whether charges, fees, taxes, products, or services are optional or required; (e) whether charges, products, or services are authorized by consumers; (f) the amount of any charge, fee, or tax; and (g) any other material fact. *See* Part I.

- Prohibitions against charging a consumer without obtaining the consumer's express informed consent. *See* Part II.

- A monetary judgment of $4,888,658 million against each Settling Defendant. The monetary judgments are suspended so long as Settling Defendants truthfully disclosed their material assets and comply with the injunctive provisions of the Orders. *See* Part III.[2]

- A requirement that each Settling Defendant cooperate with representatives of the Commission and State in this case and in any investigation related to or associated with the transactions or occurrences that are subject of the Complaint. *See* Part V.

- Reporting and recordkeeping obligations that allow Plaintiffs to monitor compliance with the Stipulated Orders. *See* Parts VI-IX.

Courts have entered similar provisions in numerous instances to ensure compliance, including in both stipulated and litigated orders. *See, e.g., FTC v. LeanSpa, LLC*, No. 3:11-cv-01715 (D. Conn. Dec. 23, 2013) (stipulated order); *FTC v. TicketNetwork, Inc.*, No. 3:14-cv-1046 (D. Conn. July 24, 2014) (stipulated order); *FTC v. Bronson Partners, LLC*, No. 3:04cv1866 (D. Conn. Dec. 29, 2009) (litigated order) *FTC v. RCG Advances, LLC*, No. 1:20cv04432 (S.D.N.Y. Oct. 30, 2023) (litigated order).

    Fourth, the Stipulated Orders were lawfully entered into at arms-length by parties who were each represented by experienced counsel, and has not been tainted by any improper collusion or corruption.

    Finally, the proposed Stipulated Orders serve the public interest. The Stipulated Orders impose injunctive relief to prevent future misconduct and enters monetary judgments in favor of the State for past injury, but those monetary judgments are suspended based on the truthfulness

---

[2] The Orders also contain a provision requiring each Settling Defendant to provide any information related to redress upon receipt of a written request by the State. *See* Part IV.

3

of Settling Defendants' asset disclosures and compliance with the injunctive provisions of the Stipulated Orders.[3]

Because each of the factors enumerated in *Citigroup*, 752 F.3d at 294, supports the conclusion that the Stipulated Orders are fair, reasonable, and not contrary to the public interest, Plaintiffs request, with the Settling Defendants' consent, that the Court enter them.

                              Respectfully submitted,

                              */s/ Samuel Jacobson*
                              Samuel Jacobson (phv207659)
                              Edward Smith (phv207656)
                              Federal Trade Commission
                              600 Pennsylvania Ave., NW
                              Mail Stop CC-10232
                              Washington, DC 20580
                              Phone: (202) 876-5590 (Jacobson)
                              Fax: (202) 326-3768
                              sjacobson@ftc.gov
                              esmith2@ftc.gov

                              Attorneys for Plaintiff
                              FEDERAL TRADE COMMISSION


                              /s/ Jonathan J. Blake
                              Jonathan J. Blake (Juris no. ct22321)
                              Michael Nunes (Juris no. ct31522)
                              Assistant Attorneys General
                              Office of the Attorney General
                              165 Capitol Avenue
                              Hartford, CT 06106
                              Phone: 860-808-5400
                              Fax: 808-808-5593
                              Jonathan.Blake@ct.gov
                              Michael.Nunes@ct.gov

                              Attorneys for Plaintiff
                              STATE OF CONNECTICUT

---

[3] Nothing in the proposed Stipulated Orders prevents private litigants from pursuing their own claims against the Settling Defendants. *See Citigroup*, 752 F.3d at 29.

## CERTIFICATE OF SERVICE

    I hereby certify that a true and correct copy of the foregoing was served on all counsel of record by CM/ECF on September 5, 2025.

                                  /s/ Samuel Jacobson
                                  Samuel Jacobson (phv207659)
                                  Federal Trade Commission
                                  600 Pennsylvania Ave., NW
                                  Mail Stop CC-10232
                                  Washington, DC 20580
                                  Phone: (202) 876-5590
                                  Fax: (202) 326-3768
                                  sjacobson@ftc.gov

                                  Attorney for Plaintiff Federal Trade Commission