UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF CONNECTICUT

| | |
|---|---|
| FEDERAL TRADE COMMISSION, and<br><br>STATE OF CONNECTICUT,<br><br>  Plaintiffs,<br><br>    v.<br><br>CHASE NISSAN LLC, a limited liability company, also d/b/a MANCHESTER CITY NISSAN, and<br><br>PATRICK DIBRE, individually and as an officer of CHASE NISSAN LLC, also d/b/a MANCHESTER CITY NISSAN,<br><br>REFAAT SOBOH, aka BRIAN SOBOH, individually and as an officer of CHASE NISSAN LLC, also d/b/a MANCHESTER CITY NISSAN,<br><br>MICHAEL HAMADI,<br><br>AIHAM ALKHATIB,<br><br>MATTHEW CHMIELINSKI, and<br><br>FRED MOJICA, aka FREDDY MOJICA.<br><br>  Defendants. | Case No. 3:24-cv-00012-JCH<br><br>**STIPULATED ORDER FOR PERMANENT INJUNCTION, MONETARY JUDGMENT, CIVIL PENALTY JUDGMENT, AND OTHER RELIEF** |

Plaintiffs, the Federal Trade Commission ("Commission" or "FTC"), and the State of Connecticut, by William Tong, Connecticut Attorney General (together, "Plaintiffs") filed their Complaint for Permanent Injunction, Monetary Judgment, Civil Penalty Judgment, and Other Relief ("Complaint"), pursuant to Sections 5(a) and 13(b) of the FTC Act, 15 U.S.C. §§ 45(a) and 53(b), and the Connecticut Unfair Trade Practices Act, Conn. Gen. Stat. § 42-110a *et seq.*

("CUTPA"). Plaintiff FTC and Defendant Matthew Chmielinski stipulate to the entry of this Stipulated Order for Permanent Injunction, Monetary Relief, Civil Penalties, and Other Relief ("Order") to resolve all matters in dispute plead in FTC Counts I, II, III, IV, V, and VI through the effective date of this Order. Plaintiff State of Connecticut, through the Connecticut Attorney General, and Defendant stipulate to the entry of this Order to resolve all matters in dispute plead in Connecticut Counts VII, VIII, IX, X, XI, XII, XIII, XIV, XV, XVI, and XVII through the effective date of this Order.

THEREFORE, IT IS ORDERED as follows:

## FINDINGS

1. This Court has jurisdiction over this matter.

2. The Complaint charges that Defendant participated in deceptive and unfair acts or practices in violation of Section 5 of the FTC Act, 15 U.S.C. § 45, and Section 42-110 of CUTPA, Conn. Gen. Stat. § 42-110a *et seq.*, in the advertising, marketing, promoting, offering for sale, lease, or financing, or selling, leasing or financing of motor vehicles.

3. The Complaint charges that Defendant Matthew Chmielinski was at all times relevant to the Complaint engaged in trade and commerce in the State of Connecticut by advertising, marketing, promoting, offering for sale, lease, or financing, or selling, leasing or financing motor vehicles in and from the State of Connecticut.

4. The Complaint charges that Defendant participated in deceptive and unfair acts or practices in violation of the FTC Act and CUTPA in the advertising, marketing, promoting, offering for sale, lease, or financing, or selling, leasing or financing of motor vehicles.

5. Defendant neither admits nor denies the allegations in the Complaint.

6. Defendant waives any claim that he may have under the Equal Access to Justice

Act, 28 U.S.C. § 2412, concerning the prosecution of this action through the date of this Order, and agrees to bear his own costs and attorney fees.

7. Defendant and Plaintiffs waive all rights to appeal or otherwise challenge or contest the validity of this Order.

## DEFINITIONS

For the purpose of this Order, the following definitions apply:

A. **"Add-on Product or Service"** means any product or service not provided to the consumer or installed on the vehicle by the motor vehicle manufacturer and for which a motor vehicle dealer, directly or indirectly, charges a consumer in connection with a vehicle sale, lease, or financing transaction.

B. **"Clear(ly) and conspicuous(ly)"** means that a required disclosure is difficult to miss (i.e., easily noticeable) and easily understandable by consumers, including in all of the following ways:

1. In any communication that is solely visual or solely audible, the disclosure must be made through the same means through which the communication is presented. In any communication made through both visual and audible means, such as a television advertisement, the disclosure must be presented simultaneously in both the visual and audible portions of the communication even if the representation requiring the disclosure is made in only one means.

2. A visual disclosure, by its size, contrast, location, the length of time it appears, and other characteristics, must stand out from any accompanying text or other visual elements so that it is easily noticed, read, and understood.

      3.      An audible disclosure, including by telephone or streaming video, must be delivered in a volume, speed, and cadence sufficient for consumers to easily hear and understand it.

      4.      In any communication using an interactive electronic medium, such as the Internet or software, the disclosure must be unavoidable.

      5.      The disclosure must use diction and syntax understandable to ordinary consumers and must appear in each language in which the representation that requires the disclosure appears.

      6.      The disclosure must comply with these requirements in each medium through which it is received, including all electronic devices and face-to-face communications.

      7.      The disclosure must not be contradicted or mitigated by, or inconsistent with, anything else in the communication.

      8.      When the practice or sales practice targets a specific audience, such as children, older adults, or the terminally ill, "ordinary consumers" includes reasonable members of that group.

D.      "**Defendant**" means Matthew Chmielinski.

E.      "**Express, Informed Consent**" means an affirmative act communicating unambiguous assent to be charged, made after receiving, and in close proximity to, Clear and Conspicuous disclosure, orally and in writing, of the following:

      1.      the product or service associated with the charge;

      2.      all fees and costs to be charged to the consumer for the product or service; and

      3.      if the product or service is optional, that fact.

# ORDER

## I. PROHIBITION AGAINST MISREPRESENTATIONS

IT IS FURTHER ORDERED that Defendant, Defendant's officers, agents, employees, and attorneys, and all other persons in active concert or participation with any of them, who receive actual notice of this Order, whether acting directly or indirectly, in connection with advertising, marketing, promoting, offering for sale, lease, or financing, or selling, leasing, or financing motor vehicles are permanently restrained and enjoined from misrepresenting expressly or by implication:

    A.    the costs or terms of purchasing, financing, or leasing a vehicle;

    B.    the availability of vehicles at an advertised price;

    C.    whether vehicles are certified or include a limited manufacturer warranty;

    D.    whether charges, fees, taxes, products, or services are optional or required;

    E.    whether charges, products, or services are authorized by consumers;

    F.    the amount of any charge, fee, or tax;

    G.    any other material fact, such as: any restrictions, limitations, or conditions; or any aspect of the benefits, performance, efficacy, nature, or central characteristics of any product or service.

## II. OBTAINING EXPRESS, INFORMED CONSENT FOR ALL CHARGES

IT IS FURTHER ORDERED that Defendant, Defendant's officers, agents, employees, and attorneys, and all other persons in active concert or participation with any of them, who receive actual notice of this Order, whether acting directly or indirectly, in connection with advertising, marketing, promoting, offering for sale, lease, or financing, or selling, leasing or financing motor vehicles, are permanently restrained and enjoined from charging a consumer without having obtained the consumer's Express, Informed Consent.

## III. JUDGMENT FOR MONETARY JUDGMENT AND SUSPENSION

IT IS FURTHER ORDERED that:

A. Judgment in the amount of Four Million, Eight Hundred Eighty-Eight Thousand, Six Hundred Fifty-Eight Dollars ($4,888,658) is entered in favor of the State of Connecticut against Defendant as monetary relief.

B. Judgment is suspended as to Defendant subject to the subsections below. The suspension of judgment as to Defendant is expressly premised upon the truthfulness, accuracy, and completeness of the Financial Statement of Defendant Matthew Chmielinski signed on March 17, 2025, including attachments, and upon Defendant's compliance with the terms of Part I and II of the Order.

C. The suspension will be lifted as to Defendant if, upon motion by the State of Connecticut, the Court finds that Defendant failed to disclose any material asset, materially misstated the value of any asset, or made other material misstatement or omission in the financial representations above, or if the Court finds that Defendant violated Parts I or II of the Order.

D. If the suspension of judgment is lifted, judgment becomes immediately due as to Defendant in the amount specified in Subsection A above (which the parties stipulate only for

purposes of this section represents consumer injury), less any payment previously made pursuant to this Section, plus interest computed from the date of entry of this Order.

E. Defendant relinquishes dominion and all legal and equitable right, title, and interest in all assets transferred pursuant to this Order and may not seek the return of any assets.

F. The facts alleged in the Complaint will be taken as true, without further proof, in any subsequent civil litigation by or on behalf of the Plaintiffs, including in a proceeding to enforce its rights to any payment or monetary judgment pursuant to this Order, such as a nondischargeability complaint in any bankruptcy case.

G. The facts alleged in the Complaint establish all elements necessary to sustain an action by the Plaintiffs pursuant to Section 523(a)(2)(A) of the Bankruptcy Code, 11 U.S.C. § 523(a)(2)(A), and this Order will have collateral estoppel effect for such purposes.

H. Defendant acknowledges that his Social Security Number may be used for collecting and reporting on any delinquent amount arising out of this Order, in accordance with 31 U.S.C. § 7701.

I. Payment must be made by electronic fund transfer or other means in accordance with instructions provided by a representative of the State of Connecticut.

J. All money received by the State of Connecticut pursuant to this Order shall be used for restitution, redress, remediation, payment for a claims administrator or to come into compliance with the law. The Attorney General shall have sole discretion as to the disposition of these funds consistent with Section III.J. of this Order.  Any unused funds shall be disbursed to the State of Connecticut's General Fund.

## IV. CONSUMER INFORMATION

IT IS FURTHER ORDERED that Defendant, Defendant's officers, agents, employees and all other persons in active concert or participation with any of them are permanently restrained and enjoined from directly or indirectly failing to provide sufficient customer information to enable the State of Connecticut to efficiently administer consumer redress. Defendant represents that they have provided this redress information to the State of Connecticut. If a representative of the State of Connecticut requests in writing any information related to redress, Defendant must provide it, in the form prescribed by the State of Connecticut, within 14 days.

## V. COOPERATION

IT IS FURTHER ORDERED that Defendant must cooperate with representatives of the Commission and State of Connecticut in this case and in any investigation related to or associated with the transactions or occurrences that are the subject of the Complaint. Defendant must provide truthful and complete information, evidence, and testimony. Defendant must appear for interviews, discovery, hearings, trials, and any other proceedings that a Commission or State of Connecticut representative may reasonably request upon 5 days' written notice, or other reasonable notice, at such places and times as a Commission representative may designate, without the service of a subpoena.

## VI. ORDER ACKNOWLEDGMENTS

IT IS FURTHER ORDERED that Defendant obtains acknowledgments of receipt of this Order:

A. Defendant, within 7 days of entry of this Order, must submit to the Plaintiffs an acknowledgment of receipt of this Order sworn under penalty of perjury.

B. For 5 years after entry of this Order, Defendant for any business that such Defendant, individually or collectively with any other Defendants, is the majority owner or controls directly or indirectly, must deliver a copy of this Order to: (1) all principals, officers, directors, and LLC managers and members; (2) all employees having managerial responsibilities for conduct related to the subject matter of the Order and all agents and representatives who participate in conduct related to the subject matter of the Order; and (3) any business entity resulting from any change in structure as set forth in the Section titled Compliance Reporting. Delivery must occur within 7 days of entry of this Order for current personnel. For all others, delivery must occur before they assume their responsibilities.

C. From each individual or entity to which Defendant delivered a copy of this Order, Defendant must obtain, within 30 days, a signed and dated acknowledgment of receipt of this Order.

## VII. COMPLIANCE REPORTING

IT IS FURTHER ORDERED that Defendant make timely submissions to the Plaintiffs:

A. One year after entry of this Order, Defendant must submit a compliance report, sworn under penalty of perjury:

1. Defendant must: (a) identify the primary physical, postal, and email address and telephone number, as designated points of contact, which representatives of Plaintiffs may use to communicate with Defendant; (b) identify all of Defendant's businesses by all of their names, telephone numbers, and physical, postal, email, and Internet addresses; (c) describe the activities of each business, including the goods and services offered, the means of advertising, marketing, and sales, and the involvement of any other Defendant (which Defendant must describe if they know or should know due to

their own involvement); (d) describe in detail whether and how Defendant is in compliance with each Section of this Order; and (e) provide a copy of each Order Acknowledgment obtained pursuant to this Order, unless previously submitted to Plaintiffs.

  2. Additionally, Defendant must: (a) identify all telephone numbers and all physical, postal, email and Internet addresses, including all residences; (b) identify all business activities, including any business for which Defendant performs services whether as an employee or otherwise and any entity in which Defendant has any ownership interest; and (c) describe in detail Defendant's involvement in each such business, including title, role, responsibilities, participation, authority, control, and any ownership.

 B. For 20 years after entry of this Order, Defendant must submit a compliance notice, sworn under penalty of perjury, within 14 days of any change in the following:

  1. Defendant must report any change in: (a) any designated point of contact; or (b) the structure of any Corporate Defendant or any entity that Defendant has any ownership interest in or controls directly or indirectly that may affect compliance obligations arising under this Order, including: creation, merger, sale, or dissolution of the entity or any subsidiary, parent, or affiliate that engages in any acts or practices subject to this Order.

  2. Additionally, Defendant must report any change in: (a) name, including aliases or fictitious name, or residence address; or (b) title or role in any business activity, including any business for which Defendant performs services whether as an employee or otherwise and any entity in which Defendant has any ownership interest, and identify the

name, physical address, and any Internet address of the business or entity.

    C.    Defendant must submit to Plaintiffs notice of the filing of any bankruptcy petition, insolvency proceeding, or similar proceeding by or against Defendant within 14 days of its filing.

    D.    Any submission to Plaintiffs required by this Order to be sworn under penalty of perjury must be true and accurate and comply with 28 U.S.C. § 1746, such as by concluding: "I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct. Executed on: _____" and supplying the date, signatory's full name, title (if applicable), and signature.

    E.    Unless otherwise directed by a representative of Plaintiffs in writing, all submissions to the Commission pursuant to this Order must be emailed to DEbrief@ftc.gov or sent by overnight courier (not the U.S. Postal Service) to: Associate Director for Enforcement, Bureau of Consumer Protection, Federal Trade Commission, 600 Pennsylvania Avenue NW, Washington, DC 20580. All submissions to the State of Connecticut, must be emailed to attorney.general@ct.gov or sent by overnight courier (not the U.S. Postal Service) to: Office of the Attorney General, Consumer Protection Section, 165 Capitol Avenue, Hartford, CT, 06106. The subject line must begin: *FTC and State of Connecticut v. Chase Nissan LLC*.

## VIII. RECORDKEEPING

IT IS FURTHER ORDERED that Defendant must create certain records for 20 years after entry of the Order, and retain each such record for 5 years. Specifically, Defendant for any business that Defendant, individually or collectively with any other Defendants, is a majority owner or controls directly or indirectly, must create and retain the following records:

    A.    accounting records showing the revenues from all goods or services sold;

  B. personnel records showing, for each person providing services, whether as an employee or otherwise, that person's: name; addresses; telephone numbers; job title or position; dates of service; and (if applicable) the reason for termination;

  C. records of all consumer complaints and refund requests, whether received directly or indirectly, such as through a third party, and any response;

  D. all records necessary to demonstrate full compliance with each provision of this Order, including all submissions to Plaintiffs;

  E. a copy of each unique advertisement or other marketing material; and

  F. a copy of any pencil, four square, or worksheet used to negotiate, desk, or pencil deals.

## IX. COMPLIANCE MONITORING

IT IS FURTHER ORDERED that, for the purpose of monitoring Defendant's compliance with this Order and any failure to transfer any assets as required by this Order:

  A. Within 14 days of receipt of a written request from a representative of the Plaintiffs, Defendant must: submit additional compliance reports or other requested information, which must be sworn under penalty of perjury; appear for depositions; and produce documents for inspection and copying. Plaintiffs are also authorized to obtain discovery, without further leave of court, using any of the procedures prescribed by Federal Rules of Civil Procedure 29, 30 (including telephonic depositions), 31, 33, 34, 36, 45, and 69.

  B. For matters concerning this Order, Plaintiffs are authorized to communicate directly with Defendant. Defendant must permit representatives of the Plaintiffs to interview any employee or other person affiliated with Defendant who has agreed to such an interview. The person interviewed may have counsel present.

C.       Plaintiffs may use all other lawful means, including posing, through its representatives as consumers, suppliers, or other individuals or entities, to Defendant or any individual or entity affiliated with Defendant, without the necessity of identification or prior notice.  Nothing in this Order limits the Commission's lawful use of compulsory process, pursuant to Sections 9 and 20 of the FTC Act, 15 U.S.C. §§ 49, 57b-1.

D.       Upon written request from a representative of Plaintiffs, any consumer reporting agency must furnish consumer reports concerning Defendant pursuant to Section 604(1) of the Fair Credit Reporting Act, 15 U.S.C. §1681b(a)(1).

## X. RETENTION OF JURISDICTION

IT IS FURTHER ORDERED that this Court retains jurisdiction of this matter for purposes of construction, modification, and enforcement of this Order.

**SO ORDERED this ___ day of _____, 202__.**

_____
THE HONORABLE JANET C. HALL
UNITED STATES DISTRICT JUDGE

**SO STIPULATED AND AGREED:**

**FOR PLAINTIFFS:**

**FEDERAL TRADE COMMISSION**

/s/ Samuel Jacobson                           Date: 09/05/2025

Samuel Jacobson (phv207659)
Edward Smith (phv207656)
Paul Mezan (phv207738)
Daniel Hanks (phv208202)
Daniel Dwyer (phv208445)
Julia E. Heald (phv208446)
Federal Trade Commission
600 Pennsylvania Ave., NW
202-876-5590 (Jacobson)
202-326-3768 (fax)
sjacobson@ftc.gov
esmith2@ftc.gov
pmezan@ftc.gov
dhanks@ftc.gov
ddwyer@ftc.gov
jheald@ftc.gov

**STATE OF CONNECTICUT**

/s/ Jonathan J. Blake                         Date: 09/05/2025

Jonathan J. Blake (ct22321)
Michael Nunes (ct31522)
Assistant Attorneys General
Office of the Attorney General
165 Capitol Avenue
Hartford, CT 06106
Phone: 860-808-5400
Fax: 808-808-5593
Jonathan.blake@ct.gov
Michael.nunes@ct.gov

**FOR DEFENDANT:**

_/s/ _____  Date: 6/23/25

Jonathan A. Kaplan (ct27126)
James T. Shearin (ct01326)
Meagan A. Cauda (ct31501)
Pullman & Comley, LLC
90 State House Square
Hartford, CT 06103
Telephone: 860-424-4379
Facsimile: 860-424-4370
jkaplan@pullcom.com
jtshearin@pullcom.com
mcauda@pullcom.com

David S Doyle, esq. (ct. 02987)
David S Doyle, esq., LLC
PO Box 6239
Hamden, Ct 06517
TEL: 203-641-9793
dsdoyle08@gmail.com

**DEFENDANT:**

_/s/ _____  Date: 6.17.25
MATTHEW CHMIELINSKI